IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02738-BNB-KLM

MARCIA SASIAK,

Plaintiff,

v.

SELECT SPECIALITY HOSPITAL - COLORADO SPRINGS, INC., a Delaware corporation, and
SELECT MEDICAL CORPORATION, a Delaware corporation,

Defendants.
_____

**ORDER**
_____

This matter arises on **Defendants' Motion for Summary Judgment** [Doc. # 28, filed 8/18/2014], which is DENIED.

I.  SUMMARY OF CLAIMS

The plaintiff alleges claims under the Family Medical Leave Act ("FMLA"). "The FMLA guarantees the substantive rights of up to twelve weeks of unpaid leave for eligible employees of covered employers for serious health conditions and reinstatement to the former position or an equivalent one upon return from that leave." Metzler v. Federal Home Loan Bank of Topeka, 464 F.3d 1164, 1170 (10th Cir. 2006).[1]

The plaintiff asserts two claims for relief.[2]  In her First Claim, the plaintiff alleges that

---

[1] The defendants do not dispute that they are "covered employers" subject to the FMLA.

[2] The Complaint [Doc. # 1] asserted a third claim for "wrongful discharge in violation of public policy," id. at p. 9, which was dismissed. See Order [Doc. # 22].

the defendants interfered with her rights under the FMLA by "terminating her employment"; "refusing to allow her to return to her job, or to an equivalent position, upon return from leave"; and "failing to provide written notice of SASIAK's rights and obligations as required under the FMLA." Complaint [Doc. # 1] at ¶32. The defendants characterize these allegations as asserting an FMLA entitlement claim.[3] Motion for Summary Judgment [Doc. # 28] at pp. 6-8.

In her Second Claim, the plaintiff alleges that the defendants interfered with her rights under the FMLA by intentionally discriminating against her "by terminating her employment and refusing to allow her to return to her job, or to an equivalent position, upon return from leave." Complaint [Doc. # 1] at ¶38. The defendants characterize these allegations as asserting an FMLA retaliation and discrimination claim.[4] Motion for Summary Judgment [Doc. # 28] at pp. 8-10.

## II.  SUMMARY JUDGMENT STANDARD

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby,

---

[3] An entitlement or interference theory arises under 29 U.S.C. § 2615(a)(1). Metzler, 464 F.3d at 1170.

[4] A retaliation or discrimination theory arises under 29 U.S.C. § 2615(a)(2). Id.

Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

III.  DISCUSSION

A.  Plaintiff's Entitlement Theory

An employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). To recover on an FMLA entitlement theory, the plaintiff must demonstrate that (1) she is entitled to FMLA leave; (2) some adverse action by the employer interfered with her right to take FMLA leave; and (3) the employer's action was related to the exercise or attempted exercise of her FMLA rights. Metzler, 464 F.3d at 1170.

The defendants concede for purposes of their summary judgment motion that the plaintiff has established the first two elements--that she was entitled to FMLA leave and that her

termination from employment was an adverse action. Motion for Summary Judgment [Doc. # 28] at p. 6. Defendants dispute, however, that the adverse action was related to the plaintiff's exercise of her FMLA rights. Thus here, as in Metzler, "[t]he crucial inquiry . . . is whether [the plaintiff] has alleged and presented evidence that there is a causal connection between her termination and her exercise of FMLA rights. . . ." Metzler, 464 F.3d at 1181.

     It is undisputed that the plaintiff requested FMLA leave on either October 17 or 18, 2011. Motion for Summary Judgment [Doc. # 28] at p. 2 n.4. The plaintiff alleges that, in response to her request for leave, the defendants presented her with two options. In particular, the plaintiff alleges that "[o]n October 19, 2011, [Tammy] Sparks [defendant's regional human resources director] contacted [the plaintiff] and informed her that she could accept a settlement including severance pay, or she could stay an active employee on unpaid FMLA leave, but not be allowed to return to work after her leave ended." Complaint [Doc. # 1] at ¶24. This allegation, fairly read, alleges that the plaintiff would be fired at the conclusion of her FMLA leave, if she took it. The allegations are supported by the plaintiff's sworn deposition testimony:

> Q   Okay. Did anybody tell you that your were not allowed to return to work at the hospital because you had previously resigned?
>
> A   The first part of your sentence is true. The second part is not. So the answer would be no. I was told I could not return to the hospital, but the rest of your sentence would not have been correct.
>
>                 \*   \*   \*
>
> Q   So it sounds like as of October 19 or 20, you understood that if you took leave, you were not going to be allowed to return to work?
>
> A   Yes.
>
> Q   Is that correct? Is that a yes or a no?

>      A   I'm sorry.  Yes.
>
>      Q   When you asked Tammy Sparks for clarification on the two
>      options that she had proposed, what information were you looking
>      for exactly?
>
>      A   I was looking for clarification on really what she was
>      presenting.  It really was not clear to me entirely what the two
>      options were.
>                           *    *    *
>      Q   Did you want to know what she meant by "severance"?  Was
>      that one of the things you were asking her to clarify?
>
>      A   Honestly, no, because I wasn't going to consider it.  I fully
>      intended to return to work.
>
>      Q   All right.  So whatever she meant by severance really wasn't
>      material to you?
>
>      A   Well, out of due diligence and being a professional, I felt it's
>      appropriate to listen to the options.  But on the other hand, what I
>      just told you is also true: That on my return-to-work date, I fully
>      intended to return to my position.
>                           *    *    *
>      Q   Did you ever tell the hospital that neither of those two options
>      was acceptable to you?
>
>      A   Not in those words, but I do recall indicating that I didn't think
>      it was appropriate to have that discussion; that I wanted and
>      desired to return to work on my return-to-work date.

Deposition of Marcia C. Sasiak [Doc. # 31-1] (the "Sasiak Depo.") at p. 194 line 7 through p. 196 line 19.  This testimony, if believed, constitutes a causal link between the plaintiff's FMLA leave and her termination by the defendants.

The defendants also argue that "a right to job restoration expires when FMLA leave ends" and that "[a]t the time [the plaintiff's] medical leave ended on December 12, 2011, Sasiak had not yet provided [defendants] with the required medical certification. . . ."  Motion for Summary Judgment [Doc. # 28] at p. 7.  Consequently, according to the defendants, "absent the

certification, Select had not yet determined that Sasiak was entitled to FMLA leave." Id.

The argument ignores the evidence indicating that the plaintiff did not receive the "medical certification documents" from her employer in a timely manner and, in fact, did not receive them until sometime after November 28, 2011.[5] Select's Responses to Discovery Requests [Doc. # 31-3] ("Discovery Response") at Answer 9. In addition, the defendants admit that they notified the plaintiff that she had until January 7, 2012, to provide the necessary FMLA documents; the completed medical certification documents were received by the defendants on December 28, 2014; and the plaintiff's leave was approved. Id.

An employer may not fail for weeks to provide necessary documents to the plaintiff, approve the late submission of those documents, and then argue that the employer-induced delay in submitting paperwork precludes the plaintiff's right to job restoration. In any event, the plaintiff notified her employer on December 11, 2011, the day before her FMLA leave expired, that she "can return to work without restrictions per physicians orders on December 12, 2011," and provided a copy of her physician's note documenting her medical need. Email [Doc. # 31-2].

### B.  Plaintiff's Discrimination Theory

An employer may not "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful under [the FMLA]." 29 U.S.C. § 2615(a)(2). Retaliation claims under the FMLA are subject to the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (2003):

---

[5] The plaintiff was approved on December 28, 2011, for FMLA leave from October 19 through December 12, 2011. Motion for Summary Judgment [Doc. # 28] at p. 3.

> Under this analysis, the plaintiff bears the initial burden of establishing a prima facie case of retaliation. If the plaintiff does so, then the defendant must offer a legitimate, non-retaliatory reason for the employment action. The plaintiff then bears the ultimate burden of demonstrating that the defendant's proffered reason is pretextual.

Metzler, 464 F.3d at 1170 (internal citations omitted).

To state a prima facie case, the plaintiff must show that (1) she engaged in a protected activity; (2) the defendants took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action. Id. at 1171. The defendants again concede, for purposes of the Motion for Summary Judgment, the first two elements of the plaintiff's prima facie case--the plaintiff requested FMLA leave and the failure to reinstate the plaintiff and her subsequent termination from employment were materially adverse actions. Motion for Summary Judgment [Doc. # 28] at p. 9. The defendants argue, however, that "[t]here is no evidence . . . establishing a causal link between Sasiak's FMLA leave request and such actions." Id.

To the contrary, the plaintiff's deposition testimony that she was told in October 2011 that she would not be allowed to return to work if she took FMLA leave, Sasiak Depo. [Doc. # 31-1] at p. 194 line 7 through p. 196 line 19, is evidence of a causal link between the plaintiff's FMLA leave and her termination.

The defendants rely on the plaintiff's failure to respond to telephone calls in April and May of 2012 and the expiration of her FMLA leave on December 12, 2011, as legitimate, non-discriminatory reasons for terminating the plaintiff. Motion for Summary Judgment [Doc. # 28] at p. 9. The plaintiff counters that these justifications are pretextual, pointing to her email to the defendants dated December 11, 2011, which states:

> To confirm--my FMLA ends and I can return to work without restrictions per physician's orders on December 12, 2011. I faxed to you and you have received a copy of my physician's note documenting this absence since I did not receive my FMLA paperwork from the company in a timely manner. You have stated repeatedly during our telephone conversations that I am being "transitioned out" of my position with Select Medical. I still do not understand how this is possible under the guidelines of F.M.L.A. However, based on your statements I will not be reporting to the Colorado Springs office tomorrow as my F.M.LA. ending requires. I will wait for directions from you on how we will proceed on this matter.

Email [Doc. # 31-2].

There is no evidence of any further communication to the plaintiff concerning her return from FMLA leave until the unanswered calls four months later, in April and May 2012. This, in combination with the plaintiff's testimony that she was told in October 2011 by Tammy Sparks, defendant's regional human resources director, that she would not be allowed to return to work if she took FMLA leave, Sasiak Depo. [Doc. # 31-1] at p. 194 line 7 through p. 196 line 19, is evidence of pretext.

IT IS ORDERED that the Motion for Summary Judgment [Doc. # 28] is DENIED.

DATED October 8, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge